■ Insook Kang et al., Plaintiffs, and Min Gyu Kang, Also Known as Joseph Kang, Appellant, v Edward Alan Sheern et al., Respondents. [23 NYS3d 580]—

In an action to recover damages for personal injuries, the plaintiff Min Gyu Kang, also known as Joseph Kang, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 30, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Min Gyu Kang, also known as Joseph Kang, is denied.

The defendants met their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the appellant's spine, as well his right knee, did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the appellant raised a triable issue of fact as to whether he sustained a serious injury to the cervical and lumbar regions of his spine, as well as his right knee (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.